IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:21-cv-677 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| JOSHUA JAMES, et al., | : | |
| Defendants. | : | |

## OPINION AND ORDER OF REMAND

Before the Court is a motion to remand filed by Plaintiff Total Quality Logistics, LLC. For the reasons below, the Court **GRANTS** that motion and **REMANDS** this matter to the Clermont County Court of Common Pleas.

### FACTUAL AND PROCEDURAL BACKGROUND

**A. Factual Allegations**

Plaintiff Total Quality Logistics, LLC, brings suit against five defendants: Joshua James, Brandy Kennamore, Ebenezer Collado, Abound Logistics, LLC, and Cyber Tranz Logistics LLC. TQL hired Kennamore in October 2017 and James in December 2018. They both signed non-compete agreements. (Compl., Doc. 2, ¶¶ 14, 16.) Those agreements acknowledged that TQL had developed proprietary, confidential, and trade secret information, the disclosure of which would cause the company great harm. (*Id.* at ¶ 17.) Both provided that James and Kennamore, for one year following the end of their employment with TQL, would not directly or indirectly compete with TQL's business.

(*Id.* at ¶ 21.) This limitation prevented James and Kennamore from doing business with TQL customers and recruiting anyone who had been a TQL employee in the last twelve months. (*Id.* at ¶ 24.)

In May 2020, Defendant Collado and a former TQL employee, Cristian De La Rosa, formed Defendant Abound Logistics, LLC. (*Id.* at ¶ 30.) James and Kennamore ended their employment with TQL later that year. Soon afterwards, they began working for Abound Logistics. (*Id.* at ¶ 33.) Abound Logistics, like TQL, provided domestic and international freight and transportation brokerage services. (*Id.* at ¶ 34.) On that basis, TQL alleges it was a direct competitor.

When TQL learned about Abound Logistics, it sued the company and De La Rosa in the Clermont County Court of Common Pleas. (*Id.* at ¶ 36.) At around the same time, James and Kennamore transitioned from Abound Logistics to another company: Defendant Cyber Tranz. (*Id.* at ¶¶ 38, 41.) Cyber Tranz also provides the same kind of service as TQL. (*Id.* at ¶ 42.) TQL alleges that James and Kennamore used fake names at Cyber Tranz to hide their unlawful conduct from TQL. (*Id.* at ¶ 44.)

TQL learned that James, Kennamore, Abound Logistics, and Cyber Tranz had allegedly done business with several TQL customers, and brought suit. As for Collado, TQL alleges that he knew by virtue of his involvement with the first lawsuit against Abound Logistics, and that TQL had non-compete agreements with its employees, but hired James and Kennamore anymore. (*Id.* at ¶¶ 45, 46.)

### B. Procedural Background

TQL filed suit in the Clermont County Court of Common Pleas. Defendants

2

removed the case to federal court based on diversity jurisdiction. (Doc. 1, Pg. ID 1.) They also moved to dismiss the case under Fed. R. Civ. P. 12. TQL, for its part, stipulated that that "the relief it seeks or will accept against Defendants . . . is limited to judgment in a cumulative amount that is less than $75,000.00," including compensatory damages, punitive damages, and attorney's fees. (Stipulation, Doc. 7, Pg. ID 523-25.) On the same day, it moved to remand the action to state court. (Doc. 8.)

## LAW AND ANALYSIS

Federal courts have original jurisdiction over a lawsuit when it is between parties who meet the diversity requirements and the value at stake exceeds the jurisdictional amount of $75,000. 28 U.S.C. § 1332(a). If a case meets those jurisdictional requirements but is filed in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). Courts construe the removal statute strictly in favor of state court jurisdiction, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), and resolve doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). The party removing the action to federal court bears the burden of showing that the district court has original jurisdiction over the action. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). More specifically, defendants seeking removal on the basis of diversity must show by a preponderance of the evidence that the amount-in-controversy requirement is met. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). If subject matter jurisdiction appears to be lacking, the district court must remand the case. *Total Quality Logistics, LLC v. Navajo Express, Inc.*, No. 1:18-CV-230, 2018 WL 2001434, at *2 (S.D. Ohio Apr. 30, 2018).

The complaint generally lays out the amount in controversy. And a plaintiff is the master of its complaint. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019). Consequently, the amount a plaintiff claims is at issue in a diversity case may determine the amount in controversy. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000). For these reasons, state rules may impact the jurisdiction question. *See Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002). For Ohio cases, Ohio Rule of Civil Procedure 8(A) requires a party seeking more than $25,000 to say so in the pleading. But the plaintiff may not specify the exact amount of recovery sought in its demand for judgment. Ohio Civ. R. 8(A). This results in state court complaints that request relief in amounts exceeding $25,000, but without specifying a precise figure. (*See* Doc. 2, Compl., Pg. ID 372.)

Sometimes, then, plaintiffs whose cases have been removed to federal court stipulate to amounts below the jurisdictional limit. *See, e.g., Total Quality Logistics, LLC v. Reed Transp. Servs., Inc.*, No. 1:19-CV-182, 2019 WL 6723837, at *3 (S.D. Ohio Dec. 11, 2019). Not every post-removal stipulation requires remand. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). A plaintiff may not reduce or change its demand by stipulation in response to removal, just to avoid federal jurisdiction. *Egan*, 237 F.Supp.2d at 776. But the plaintiff may *clarify* the amount at issue by stipulation. *Id.* The difference between a reduction and a clarification matters because courts evaluate jurisdiction at the time of removal. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). Because many states' rules only permit pleading an amount in controversy that falls below the amount required for federal jurisdiction, the actual amount in controversy may

4

be uncertain. *See Total Quality Logistics, LLC v. Franklin*, No. 1:19-CV-266, 2020 WL 5051418, at *4 (S.D. Ohio Aug. 27, 2020) (citing Ohio Civ. R. 8(A)); *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 948 (E.D. Ky. 2010). If, in state court, a plaintiff had been seeking more than the federal jurisdictional amount, but reduced that demand after removal, such a stipulated reduction would not deprive the federal court of jurisdiction. *Franklin*, 2020 WL 5051418, at *4. But if a plaintiff *clarifies* by a post-removal stipulation that it never intended to seek an amount exceeding the jurisdictional threshold, then there was no basis for federal jurisdiction in the first place. *Id.*

District courts throughout the Sixth Circuit, including this court, have remanded matters based on such stipulations. *E.g., Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, --- F. Supp.3d ---, No. 1:21-CV-695, 2022 WL 2062694, at *8 (S.D. Ohio June 7, 2022); *Egan*, 237 F.Supp.3d at 776. So long as the stipulation below the threshold amount is unequivocal, binding, and the first time the party has clarified the amount in controversy, that stipulation will deprive the federal court of subject matter jurisdiction. *Summit Logistics*, 2022 WL 2062694, at *4.

The same day it filed its motion to remand, TQL stipulated that the relief it seeks or will accept against Defendants is "limited to judgment in a cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief, from each defendant individually and severally." (Stipulation, Doc. 7, Pg. ID 523.) This stipulation is "unequivocal and binding on TQL, and . . . may be used in Court to limit the amount of any award . . . such that it will not recover in excess of $75,000 from any defendant." (*Id.*)

5

When presented with a stipulation below the threshold jurisdictional amount, the Court asks three questions. Is the stipulation unequivocal? Is it binding? And is it the first time it clarified the amount in controversy? *Summit Logistics*, 2022 WL 2062694, at *5; *Reed Transp.*, 2019 WL 6723837, at *2; *Egan*, 237 F. Supp.3d at 778; *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014); *Franklin*, 2020 WL 5051418, at *4.

The stipulation here satisfies those three conditions. First and second, it explicitly states that it is "unequivocal and binding on TQL." (Stipulation, Doc. 7, Pg. ID 523.) The stipulation covers compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief. Such broad stipulations have sufficed to support remand. *Total Quality Logistics, LLC v. Johnson*, No. 1:21-CV-467, 2021 WL 3453399, at *3 (S.D. Ohio Aug. 6, 2021). The stipulation was also the first clear statement on the upper limit of what TQL is seeking. In state court, TQL simply pled that it was seeking in excess of $25,000. The stipulation, however, was the first post-removal clarification in this record that TQL would not be seeking more than $75,000. As such, this too supports remand. *Total Quality Logistics, LLC v. Reed Transp. Servs., Inc.*, No. 1:19-CV-182, 2019 WL 6723837, at *3 (S.D. Ohio Dec. 11, 2019). TQL's stipulation thus meets all the conditions required for a remand.

Defendants claim that the stipulation is not a clarification but a reduction. They argue that, although the complaint sought damages in an amount exceeding $25,000, the combined damages TQL originally sought exceed the jurisdictional threshold of $75,000. TQL seeks recovery on claims that include multiple non-compete violations, tortious interference, and misappropriation of trade secrets. Some claims, Defendants assert, may

6

be quite lucrative. In their view, aggregating the potential recoveries TQL might obtain would add up to an amount that is sufficient for federal jurisdiction—especially when including punitive damages and attorney's fees. In other words, based on Defendants' review of the complaint at the time of removal, TQL initially sought damages that clear the jurisdictional hurdle.

For support, Defendants cite *Heyman*, arguing that that court rejected a stipulation below the jurisdictional amount because the complaint had implicitly sought more than $75,000. *See* 781 F. App'x at 469. They maintain that, even though the *Heyman* complaint did not specify a dollar amount, it was plain that its demand for actual damages, punitive damages, and attorney's fees would exceed $75,000.

This argument fails. Bear in mind that a removing defendant must show by a preponderance of the *evidence* that the amount in controversy requirement is satisfied. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). That standard presumes the presence of evidence. But an argument that adds up the possible recoveries a plaintiff may obtain based only on the allegations in the complaint does not rely on evidence at all. It is speculative. Even in *Heyman* (an unpublished opinion tempered by a strong dissent), the court had at least arrived at a calculation of $31,305.40 in compensatory damages—from there it applied a 2:1 punitive-to-compensatory ratio to find that the lawsuit satisfied the amount-in-controversy requirement. *Heyman*, 781 F.App'x at 471-72. Here, however, Defendants supply no competent proof, indeed no evidentiary basis at all, for concluding that adding up the value of all the claims carries this lawsuit past the jurisdictional threshold. *Cleveland Hous. Renewal Project v. Deutsche*

7

*Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010). A defendant needs to provide not just *some* evidence, but evidence that makes it more likely than not that the amount in controversy exceeds $75,000. *May*, 751 F. Supp. 2d at 948 (holding that a demand letter seeking a company's liability limits constituted some evidence but not sufficient to satisfy the preponderance of the evidence standard). Because Defendants have offered speculation instead of evidence, they have not met their burden.

Defendants also argue that the complaint characterizes them as jointly liable, thereby permitting the Court to aggregate damages in determining whether the amount in controversy exceeds the jurisdictional threshold. But the fact that TQL advances claims against distinct defendants in one action does not, by itself, mean that TQL alleges they are jointly liable. *Fechheimer Bros. Co. v. Barnwasser*, 146 F.2d 974, 976 (6th Cir. 1945). The complaint makes no clear indication of joint liability. *Total Quality Logistics, LLC v. Covar Transportation*, No. 1:17-CV-797, 2017 WL 6546617, at *3 (S.D. Ohio Dec. 22, 2017). The stipulation, furthermore, expressly limits its recovery to individual liability. (Stipulation, Doc. 7, Pg. ID 523) (seeking relief from each defendant individually and severally). It is a "settled general rule" that, in a diversity suit against several defendants on individual claims, "the test of jurisdiction is the amount of each separate claim and not the aggregate amount of the claims." *Fechheimer*, 146 F.2d at 976. *See also Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 373 (6th Cir. 2014). So here the individual, non-joint nature of the claims precludes aggregating multiple amounts in controversy to secure jurisdiction. *Id.* (citing *Walter v. Ne. R. Co.*, 147 U.S. 370, 373 (1893)).

As it is, then, Defendants have failed to show it is more likely than not that the

8

amount in controversy exceeds $75,000. *See May*, 751 F.Supp.2d at 949; *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016); *Midwest Motor Supply v. Hyde*, No. 2:20-CV-1785, 2020 WL 4251031, at *3 (S.D. Ohio July 24, 2020), *report and recommendation adopted*, No. 2:20-CV-1785, 2020 WL 6136103 (S.D. Ohio Oct. 19, 2020); *Francis v. Arch Coal, Inc.*, No. CV 12-135-ART, 2013 WL 12177345, at *2 (E.D. Ky. Mar. 18, 2013). Doubtful that the amount in controversy exceeds the proper threshold, this Court must remand. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("All doubts as to the propriety of removal are resolved in favor of remand.").

For the reasons above, the Court **GRANTS** TQL's motion to remand, **REMANDS** this matter to the Clermont County Court of Common Pleas, and **TERMINATES AS MOOT** all other pending motions.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND